Patrick J. Reilly, Esq.
Nevada Bar No. 6103
Susan M. Schwartz, Esq.
Nevada Bar No. 14270
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134
Phone: (702) 669-4600
Fax: (702) 669-4650
Email:   preilly@hollandhart.com
         smschwartz@hollandhart.com

*Attorneys for WD Services LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT MAGEE, on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WD SERVICES LLC,<br><br>Defendant. | Case No. :  2:16-cv-02132-JAD-VCF<br><br>**MOTION TO STAY OR DISMISS AND COMPEL ARBITRATION OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>**(Oral Argument Requested)** |

Defendant WD Services LLC ("WD Services"), hereby moves to stay or dismiss this action without prejudice and for the Court to compel arbitration of the claims asserted by Plaintiff Scott Magee ("Plaintiff") in the above-entitled action. Alternatively, WD Services moves for summary judgment. These Motions are made and based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file in this action, and any oral argument allowed by the Court at any hearing on this Motion.

DATED this 18th day of November, 2016.

                /s/ Patrick J. Reilly
Patrick J. Reilly, Esq.
Susan M. Schwartz, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

*Attorneys for WD Services LLC*

9326115_4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY OR DISMISS AND COMPEL ARBITRATION OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**I.**

**INTRODUCTION**

This is an action brought under the Telephone Consumer Protection Act of 1991 (the "TCPA"). Plaintiff alleges that he received text messages to his cellular phone from WD Services using an automatic telephone dialing system ("auto-dialer") without his consent.

As a visitor to WD Services' Internet website, however, Plaintiff gave his prior express consent to be contacted on his cell phone, and specifically by SMS text message. He also agreed in writing to arbitrate any and all disputes with WD Services. Accordingly, WD Services is entitled to compel arbitration, and asks that this Court stay this action or dismiss it without prejudice pending resolution of that arbitration proceeding. In the alternative, WD Services seeks summary judgment based upon the prior express consent provided by Plaintiff.

**II.**

**STATEMENT OF FACTS**

As evidenced by the Declaration of Maksym Holovchenko, attached hereto as **Exhibit "A"** at 2, WD Services owns and operates 45cash.com, a "leads" website that directs interested potential customers to potential participating lenders. *See also* Terms of Use, located at https://www.45cash.com/TermsOfUse.html, a printout of which is attached hereto as **Exhibit "B"** at 8 ("WD Services LLC, doing business as 45cash.com ('45cash.com' or 'we' or 'our'), owns and operates the website located at 45cash.com (the 'Site'))."

Plaintiff logged onto 45cash.com, entered his email address and clicked the "continue" button on the web page. Exhibit A at 3. By clicking "continue," Plaintiff was redirected to a web page requesting his personal information, which he provided, including his cell phone number. *Id.* At the bottom of that page, just above the "Get Cash Now!" button, the following words appear:

/ / /

/ / /

9326115_4

> By clicking "Get Cash Now!", **I affirm that I have read, understand, and agree to the Disclaimer, Privacy Policy and Terms of Use, my click is my electronic signature, and I authorize you to share my information with lenders and other marketing partners that might use autodialers or prerecorded messages to call or text me on my mobile phone or landline**. I understand consent is not required to obtain a loan. I further understand that I have no obligation to accept a loan once I am connected with an available lender.

A printout of this page is attached hereto as **Exhibit "C"** at 15 (emphasis added). *See also* Exhibit A at 3.

The Terms of Use hyperlink, included in the text above the "Get Cash Now!" button as well as at the bottom of each page in the 45cash.com domain, states:

> **Terms of Use**
>
> . . . 45cash.com provides and maintains this Site for your information, conditioned on your acceptance, without modification, of the terms, conditions and notices contained in these Terms of Use and in our Privacy Policy. **By accessing and using the Site, you accept and agree without limitation to the following**:

Exhibit B at 8 (emphasis added). In addition, the Terms of Use hyperlink includes language specifically addressing SMS Messaging:

> **SMS Terms and Conditions**
>
> **By clicking "Get Cash Now" (or other such button you use to submit your loan request), you agree to receive informational, promotional or marketing related SMS messages from WD Services LLC and its marketing partners**. This is a standard rate subscription service available on most carriers including U.S. Cellular, AT&T, Cellular One, T-Mobile, Sprint, Boost, MetroPCS, Verizon Wireless, Alltel Wireless and Virgin Mobile. **Msg&Data Rates May Apply**. Requires text-enabled handset. Carriers are not liable for delayed or undelivered messages. You may cancel your subscription by texting STOP to 99629. You can also get info directly on your phone by texting HELP to 99629 or contacting us at (855) 411-3330. **Service will continue until you cancel by giving us proper notice**.
>
> If you want to opt-out of receiving SMS messages, click here Unsubscribe.

*Id.* (emphasis added) (hereinafter "SMS Terms and Conditions"). *See also* Exhibit A at 4. This language is also included at the bottom of each 45cash.com page. *See* Exhibit C at 16.

The Terms of Use hyperlink also includes a binding arbitration clause:

**BINDING ARBITRATION**

**Should any dispute arise as to the interpretation of any term or provision of these Terms of Use or with regard to any of your dealings 45cash.com or with any lender you borrow from as a result of 45cash.com's service, those issues shall be decided by binding arbitration**. Arbitration proceeding shall be conducted under the applicable rules of the American Arbitration Association or JAMS in Wyoming. The decision of the arbitrator shall be final and binding on both parties. The prevailing party shall be entitled to recover the cost of arbitration, travel expenses, expert testimony, travel expenses of experts, and all other expenses reasonably incurred in bringing or defending an arbitration claim, from the other party unless otherwise prohibited by law.

Exhibit B at 9 (emphasis added) (hereinafter the "Arbitration Clause"). *See also* Exhibit A at 5.

Notably, the Terms of Use hyperlink also includes a class action waiver:

**CLASS ACTION WAIVER**

**ANY PROCEEDINGS TO RESOLVE, LITIGATE OR ARBITRATE ANY DISPUTE IN ANY FORUM WILL BE CONDUCTED SOLELY ON AN INDIVIDUAL BASIS. NEITHER YOU NOR 45cash.com WILL SEEK TO HAVE ANY DISPUTE HEARD AS A CLASS ACTION, PRIVATE ATTORNEY GENERAL ACTION, OR IN ANY OTHER PROCEEDING IN WHICH EITHER PARTY ACTS OR PROPOSES TO ACT IN A REPRESENTATIVE CAPACITY.** NO ARBITRATION OR PROCEEDING WILL BE COMBINED WITH ANOTHER WITHOUT THE PRIOR WRITTEN CONSENT OF ALL PARTIES TO ALL AFFECTED ARBITRATIONS OR PROCEEDINGS. FURTHERMORE, YOU AGREE THAT **YOU WILL NOT SEEK TO HAVE ANY DISPUTE AGAINST ANY LENDER TO WHOM YOU ARE REFERRED HEARD AS A CLASS ACTION, PRIVATE ATTORNEY GENERAL ACTION, OR IN ANY OTHER PROCEEDING IN WHICH EITHER PARTY ACTS OR PROPOSES TO ACT IN A REPRESENTATIVE CAPACITY**. THIS CLASS ACTION WAIVER MAY BE LIMITED BY APPLICABLE LAW, BUT IS INTENDED TO BE ENFORCED TO THE FULL EXTENT ALLOWED BY LAW.

Exhibit B at 10 (emphasis added) (hereinafter the "Class Action Waiver"). *See also* Exhibit A at 5.

1000funds.com and 5000funds.com are also owned and operated by WD Services. Exhibit A at 2 – 3. 1000funds.com and 5000funds.com share a database ("the Database") with

9326115_4

45cash.com (collectively with 1000funds.com and 5000funds.com, the "Websites"). *Id.* at 3. Upon submitting his information and agreeing to the Terms of Use for 45cash.com, Magee consented to be contacted by WD Services and its marketing partners, including via SMS messaging. *Id.* at 3 - 4; Exhibit B at 8, 12; Exhibit C at 15 – 16. Magee also consented to the Binding Arbitration and the Class Action Waiver in the same manner. Exhibits A at 3 – 6; Exhibit B at 9 – 10; Exhibit C at 15. Plaintiff has never revoked his prior express consent to be contacted by SMS messaging. Exhibit A at 4.

On November 1, 2016, the undersigned counsel wrote to Plaintiff's counsel, respectfully requesting that the Plaintiff stipulate to dismiss this action, at a minimum, without prejudice so that the matter could proceed to arbitration. A copy of this letter is attached hereto as **Exhibit "D"** at 20 – 21. Plaintiff's counsel responded by email on November 7, 2016, refusing to dismiss, without offering any explanation as to why it refused to do so. A copy of this email is attached hereto as **Exhibit "E"** at 25. The undersigned counsel followed up by requesting some kind of legal authority supporting Plaintiff's refusal to dismiss. Exhibit E at 24. To date, Plaintiff's counsel has not responded. *See* Declaration of Patrick J. Reilly, Esq., attached hereto as **Exhibit "F"** at 28.

### III.

### LEGAL ARGUMENT

**A.     Standard of Review on Motion to Compel Arbitration.**

"It is well established that where the contract contains an arbitration clause, there is a presumption of arbitrability." *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (citations omitted). Thus, while the court employs general state law principles of contract interpretation, it must do so "while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009). "[T]he central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664, 130 S.Ct. 1758, 1763 (2010) (quoting *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland*

9326115_4

1 *Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989)). "[A]ny doubts concerning the scope of
2 arbitrable issues should be resolved in favor of arbitration" and the district court must order
3 arbitration if it is satisfied that the making of the agreement for arbitration is not in issue.
4 *Simula Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (citation omitted); *Republic of
5 Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 474 (9th Cir. 1991).

6 A court may also "consider materials outside the pleadings to determine whether a
7 valid arbitration agreement exists." *Joyner v. GE Healthcare, C.A.*, No. 4:08–2563–TLW–
8 TER, 2009 WL 3063040, at *2 (D. S.C. Sept.18, 2009). And "a broadly-worded arbitration
9 clause applies to disputes that do not arise under the governing contract when a 'significant
10 relationship' exists between the asserted claims and the contract in which the arbitration clause
11 is contained." *Long v. Silver*, 248 F.3d 309, 316 (4th Cir. 2001); see also *Great American Ins.
12 Co. v. Hinkle Contracting Corp.*, 497 Fed. Appx. 348, 354 (4th Cir. 2012) (a "broad arbitration
13 clauses like the present one embrace every dispute between the parties having a significant
14 relationship to the contract, regardless of the label that a party chooses to assign to a particular
15 claim.").

16 Here, Plaintiff consented to Binding Arbitration by clicking the "Get Cash Now!"
17 button. The Terms of Use were linked not only in the text above the "Get Cash Now!" button,
18 but also at the bottom of every page in the 45cash.com domain. On the Terms of Use page, the
19 binding arbitration information was clearly labeled with the words "BINDING
20 ARBITRATION" in green capital letters, as well as a different font and larger point size, to set
21 it off from the information contained therein.

22 Plaintiff had numerous opportunities to review the Terms of Use, including the Binding
23 Arbitration clause. In addition, by clicking the "Get Cash Now!" button, **Plaintiff affirmed**
24 **that he <u>read</u>, <u>understood</u>, and <u>agreed</u> to the Terms of Use**, **including the Binding**
25 **Arbitration**. Because binding arbitration is required for "**<u>any dispute</u>** [arising] as to the
26 interpretation of any term or provision of these Terms of Use or **with regard to any of your**
27 **dealings 45cash.com** or with any lender you borrow from as a result of 45cash.com's service,"
28 (emphasis added), Plaintiff must submit to binding arbitration as described in the Terms of

9326115_4

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Use. Therefore, this Court must either dismiss this matter, or stay this matter pending the outcome of the Binding Arbitration.[1]

**B.    Standard of Review on Motion for Summary Judgment.**

In the alternative, WD Services moves for summary judgment. The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal citations omitted). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Granting summary judgment is appropriate where, even after drawing inferences in the light most favorable to the non-moving party, all reasonable inferences defeat the non-moving party's claims as a matter of law. *See Securities Exchange Comm'n v. Seabord Corp.*, 677 F.2d 1297, 1298 (9th Cir. 1982). The party seeking to defeat summary judgment cannot simply stand on its pleadings and must show, through admissible evidence, that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) (a trial court can only consider admissible evidence in ruling on a motion for summary judgment); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 345 n.4 (9th Cir. 1995) (inadmissible hearsay may not be considered on a motion for summary judgment). A fact is "material" if it might affect the outcome of a suit as determined by the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" only if

---

[1] In the Ninth Circuit, "[i]f the court finds that the parties have an enforceable arbitration agreement, the court has the authority under 9 U.S.C. § 3 to grant a stay pending arbitration, or to dismiss," and may consider the moving party's preference. *Zabelny v. CashCall, Inc.*, No. 2:13-CV-00853-PAL, 2014 WL 67638, at *15 (D. Nev. Jan. 8, 2014) (citing *Martin Marietta Aluminum, Inc. v. General Electric, Co.*, 586 F.2d 143, 147–48 (9th Cir. 1978); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988)).

9326115_4

1 sufficient evidence exists such that a reasonable fact finder could find for the non-moving
2 party. *Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004).

3 As it pertains to the instant matter, "Prior express consent is a complete defense to
4 Plaintiffs' TCPA claim." *Reardon v. Uber Techs., Inc.,* 115 F. Supp.3d 1090, 1097 (N.D. Cal.
5 Jul. 19, 2015) (internal citation omitted). Express consent "can be demonstrated by the called
6 party giving prior express oral or written consent or, in the absence of instructions to the
7 contrary, by giving his or her wireless number to the person initiating the autodialed or
8 prerecorded call." *In re Rules and Regulations Implementing the TCPA of 1991,* 30 F.C.C.
9 Rcd. 7961 ¶ 52, (F.C.C. 2015) (internal footnotes omitted). Therefore, "prior express consent"
10 exists when the recipient provides a telephone number without limiting instructions. *See
11 Reardon*, 115 F. Supp. 3d at 1098 (quoting *In re Rules and Regulations Implementing the
12 TCPA of 1991,* 30 F.C.C. Rcd. 7961 ¶ 52, (F.C.C. 2015) ("Express consent can be
13 demonstrated when the called party gives her wireless number to the person initiating the
14 phone call "without instructions to the contrary.").

15 By providing his cell phone number and clicking the "Get Cash Now!" button, Plaintiff
16 expressly authorized WD Services and its marketing partners' "SMS messaging . . . to . . . text
17 [Plaintiff] on [his] mobile phone." This language is prominently displayed in a box above the
18 "Get Cash Now!" button, and the box itself is offset in a different color from the background of
19 the page. Plaintiff provided the personal information requested, and included his cell phone
20 number. He then clicked the "Get Cash Now!" button. In doing so, Plaintiff authorized the
21 Websites to contact him and send him text messages. More specifically, **Plaintiff expressly
22 consented in writing to receipt of text messages**.

23 In addition, when Plaintiff provided his cell phone number and clicked the "Get Cash
24 Now!" button, he agreed "to receive informational, promotional or marketing related SMS
25 messages from WD Services LLC and its marketing partners" pursuant to the SMS Terms and
26 Conditions. The SMS Terms and Conditions are stated on the Terms of Use page, which is
27 accessible through a Terms of Use hyperlink on the bottom of every page of the 45cash.com
28 domain, as well as through the Terms of Use hyperlink in the box above the "Get Cash Now!"

9326115_4

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

button. The SMS Terms and Conditions are on the lower half of every 45cash.com webpage. By providing his cell phone number and clicking the "Get Cash Now!" button, Plaintiff affirmed he read, understood, and agreed "to the Disclaimer, Privacy Policy, and **Terms of Use**," which contains the SMS Terms and Conditions. This agreement further constitutes **Plaintiff's prior express consent to receive text messages**.

Plaintiff makes no allegation that he requested WD Services or the Websites to stop sending the messages. The instructions on how to make such a request are enumerated in the SMS Terms and Conditions. Yet Plaintiff does not claim he asked WD Services or the Websites to cease the messaging. Instead, Plaintiff insists "WD Services made unsolicited and unwanted text message calls to Plaintiff and the Class's cellular telephones without their prior express consent." Complaint (Dkt. 1) ¶ 32. *See also* Complaint ¶¶ 13, 15, 16, 17, 18, 20, 22, 25(c), 27, 35. However, the facts enumerated herein indicate otherwise. Therefore, since Plaintiff **gave his express consent** to receive text messages, **and did not "opt out" or ask WD Services or the Websites to stop** sending messages, WD Services did not violate the TCPA in sending the messages to Plaintiff. As a result, there is no genuine issue of material fact and summary judgment should be granted in favor of WD Services.

## IV.

## CONCLUSION

Based on the foregoing, WD Services respectfully requests the Court stay or dismiss this action without prejudice and compel arbitration. In the alternative, WD Services asks the Court to grant summary judgment in favor of Defendant WD Services.

DATED this 18th day of November, 2016.

                                      /s/ Patrick J. Reilly
Patrick J. Reilly, Esq.
Susan M. Schwartz, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

*Attorneys for WD Services LLC*

9326115_4

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November, 2016, a true and correct copy of the foregoing **MOTION TO STAY OR DISMISS AND COMPEL ARBITRATION OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** was served on counsel through the Court's electronic service system as follows:

**Electronic Service:**

Thomas A. Larmore, Esq.
Law Office of Thomas A. Larmore
6952 Encore Way
Las Vegas, Nevada 89119
Tel: (702) 480-0813
Email: thlarmore@outlook.com

Emily A. Westermeier, Esq.
*Pro Hac Vice Submitted*
BEAUMONT COSTALES
3801 Canal Street, Suite 207
New Orleans, LA 70119
Tel: (504) 534-5005
Email: emily.costaleslawoffice@gmail.com

*Attorney for Plaintiff*

                                                  /s/ Susann Thompson
                                           An Employee of Holland & Hart LLP

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9326115_4