1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4

| | |
|---|---|
| 5  SCOTT MAGEE, on behalf of himself and other persons similarly situated, | 2:16-cv-02132-JAD-VCF |
| 6 | **Order Granting Defendant's Motion to Dismiss and Compelling Arbitration** |
| 7      Plaintiff | |
| | [ECF Nos. 10, 13, 14, 20, 24, 25, 26, 27, 28] |
| 8  v. | |
| 9  WD SERVICES, LLC, | |
| 10      Defendant | |

11        Scott Magee alleges that defendant WD Services, LLC used an automated telephone system

12 to "bombard" him with dozens of text messages, each promising that he could "get cash now!"

13 Magee sues alleging that these text messages violate the Telephone Consumer Protection Act

14 (TCPA), which regulates how businesses can contact consumers via text message. WD Services

15 asks me to dismiss this case and send it to arbitration. It provides evidence showing that Magee

16 visited WD's website on three specific dates, entered his personal information into an online form,

17 and then clicked on a button stating that he agreed to arbitrate the types of claims he now brings.

18        Magee does not dispute whether WD Service's arbitration agreement covers his claims or is

19 otherwise enforceable; he argues that he never entered into an arbitration agreement with WD

20 Services in the first place. Magee raises two narrow arguments on this point: 1) he never visited

21 WD Service's website and consented to arbitration, or 2) if he did, his agreement to arbitrate was

22 with another company, not WD Services. But Magee provides no evidence creating a genuine

23 dispute about whether he visited the website and consented to the arbitration agreement, and WD

24 Services offers undisputed evidence that it is either a party to that agreement or an affiliate entitled

25 to enforce it.[1] I therefore grant the motion to compel, dismiss this case without prejudice to the

26 arbitration of Magee's claim, and deny all other pending motions without prejudice as moot.

27 _____

28 [1] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-1.

1

**Discussion**

2  **A.    Legal Standard**

3          "[W]here there is a doubt as to whether an agreement to arbitrate exists . . . [o]nly when there

4  is no genuine issue of fact concerning the formation of the agreement should the court decide as a

5  matter of law that the parties did or did not enter into such an agreement."[2]  Courts usually apply the

6  familiar summary-judgment standards when this sort of dispute arises.[3]  I thus must consider

7  whether "the movant shows that there is no genuine issue as to any material fact and the movant is

8  entitled to judgment as a matter of law."[4]  An issue is "genuine" if the evidence would permit a

9  reasonable jury to return a verdict for the nonmoving party.[5]  A fact is "material" if it could affect

10  the outcome of the case.[6]

11          When considering a motion for summary judgment, I view all facts and draw all inferences

12  in the light most favorable to the nonmoving party.[7]  The purpose of summary judgment is "to

13  isolate and dispose of factually unsupported claims"[8] and to determine whether a case "is so

14  one-sided that one party must prevail as a matter of law."[9]  It is not my role to weigh evidence or

15  make credibility determinations.[10]  If reasonable minds could differ on material facts, summary

16

17  _____

18  [2] *In re Carrier IQ, Inc. Consumer Privacy Litig.,* No. C-12-MD-2330 EMC, 2014 WL 1338474, at

19  *4 (N.D. Cal. Mar. 28, 2014) (quoting *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925
   F.2d 1136, 1141 (9th Cir. 1991)).

20  [3] *Id.*

21  [4] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R.
22  CIV. P. 56(c)).

23  [5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

24  [6] *Id.* at 248.

25  [7] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

26  [8] *Celotex Corp.*, 477 U.S. at 323–24.

27  [9]*Anderson*, 477 U.S. at 252.

28  [10] *Id.* at 249, 255.

1  judgment is inappropriate.[11]

2        If the moving party shows that there is no genuine issue as to any material fact, the burden

3  shifts to the nonmoving party, who must "set forth specific facts showing that there is a genuine

4  issue for trial."[12]  The nonmoving party "must do more than simply show that there is some

5  metaphysical doubt as to the material facts"; the nonmoving party "must produce specific evidence,

6  through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary

7  basis on which a reasonable fact finder could find in his favor.[13]  When reviewing the parties'

8  papers, I only consider properly authenticated, admissible evidence.[14]

9
   **B.     Magee has not created a genuine dispute about whether he consented to the arbitration
10          agreement.**

11        WD Services provides detailed evidence showing that Magee did indeed visit its website,

12  called "45cash.com," and consent to a Terms of Service that included an arbitration agreement.  WD

13  Services' declarations from company personnel aver that Magee visited its website once on October

14  22, 2015, and twice on November 24, 2015.[15]  Magee then submitted his personal information,

15  including his cell phone number (which is how WD Services and its affiliates were able to text

16  message him).[16]  When Magee submitted his information, he was forced to click on a button stating

17  that he agreed to the website's Terms of Service.[17]  These terms stated that Magee agreed to arbitrate

18

19

---

20  [11] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v.*
21  *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

22  [12] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 323.

23  [13] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME*
24  *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

25  [14] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

26  [15] ECF No. 19-1 at 7–8.

27  [16] *Id.*

28  [17] ECF No. 13-1 at 4–5.

1  "any dispute" "with regard to any of [his] dealings with 45cash.com."[18]

2          To refute that he visited 45cash.com and agreed to the arbitration agreement, Magee relies on

3  a one-sentence declaration that "to the best of his memory, [he has] never accessed a website called

4  45cash.com."  Even viewing the facts in a light favorable to him, Magee has not created a genuine

5  dispute.  In light of the detailed evidence showing that Magee did in fact visit the website and enter

6  his personal information, no reasonable fact finder could find for Magee based only on his

7  representation that he does not recall doing so.[19]  Magee provides no specific facts from which a

8  reasonable jury could find in his favor on this point, so I must reject this argument.

9  **C.      Magee has not shown that WD Services cannot enforce the arbitration agreement.**

10          Magee finally suggests that WD Services cannot enforce the arbitration agreement because a

11  different company owned the 45cash.com website at the time that Magee allegedly accessed it and

12  consented to arbitration.  The first problem with Magee's argument is that WD Services provides

13  evidence that it has always owned 45cash.com[20]—and to refute this, Magee relies solely on an

14  online printout that is not only of questionable admissibility,[21] but does not even purport to reflect

15  the dates that Magee is alleged to have accessed WD Service's website.[22]  Even if I were to assume

16

17  [18] *Id.* at 6.

18  [19] For purposes of summary judgment, I am not required to credit conclusory statements that do not
19  appear to be based on sufficient personal knowledge or underlying facts.  *See Fed. Election Comm'n
    v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002) (testimony such as "I don't recall," "I forgot," "I'm
20  not entirely sure," and "I have no independent recollection" was insufficient to create a genuine
    issue of material fact to survive a motion for summary judgment).  Magee has not even attempted to
21  call into question the specific facts WD Services put into evidence—including evidence that Magee
22  must have accessed the website to enter his personal-identifying information into WD Service's
    website.
23
    [20] ECF No. 13-1 at 4–5.
24
25  [21] Magee's attempts to authenticate a printout from the Wayback Machine website via a declaration
    from an attorney not admitted to practice before this court.  *See* ECF No. 16-3.
26
    [22] Magee's printout from the Wayback Machine shows 45cash.com's terms of use, which states that
27  the website is owned by Nesmetaju LLC—a company based in Saint Kitts and Nevis.  But the
    document states that it reflects 45cash.com's terms of services as of August 3, 2016 only.  ECF No.
28  16-3.

that Magee's printout is true, that would only prove that on August 3, 2016, a different company owned 45cash.com; it would not prove that WD Services did not own 45cash.com on the specific days its evidence shows that Magee accessed the site: in October and November of 2015.  Magee's failure to provide specific, admissible evidence to create a *genuine* dispute about who owned 45cash.com on the key dates is enough to foreclose this argument.

But even if I were to assume that Magee is right that another company was operating 45cash.com when he accessed it, WD Services provides undisputed evidence that the only other possible owners were its wholly-owned subsidiaries who would have entered the arbitration agreement on WD Services's behalf or have since assigned their rights to WD Services—thus entitling WD Services to enforce the arbitration agreement.[23]  And in any event, the arbitration agreement's terms are quite broad, covering any dispute related to "45cash.com" generally—not just disputes against the website's owner.[24]  Magee's enfeebled opposition does not created any genuine disputes of material fact, so I grant the motion and send the parties to arbitration.

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant WD Services, LLC's **motion to dismiss and compel arbitration [ECF No. 13] is GRANTED.**

IT IS FURTHER ORDERED that this is case is dismissed without prejudice to the arbitration of Magee's claim; **ALL OTHER PENDING MOTIONS [ECF Nos. 10, 14, 20, 24, 25, 26, 27, 28] are DENIED** without prejudice as moot, and the Clerk of Court is directed to CLOSE THIS CASE.

Dated this 30th day of January, 2017

Jennifer A. Dorsey
United States District Judge

---

[23] WD Services's evidence indicates that Cash Reserves, LLC may have owned 45cash.com back in 2015, but this evidence also shows that Cash Reserves was a wholly-owned subsidiary acting on behalf of WD Services.  ECF No. 19-1 at 7.

[24] *See Sanzone-Ortiz v. Aetna Health of California, Inc.*, No. 15-CV-03334-WHO, 2015 WL 9303993, at *6 (N.D. Cal. Dec. 22, 2015) (allowing non-party to enforce arbitration agreement because agreement specifically covered claims against affiliates, not just one company).